# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**CHRIS REED**                                                                                     **PLAINTIFF**

**VERSUS**                                                         **CIVIL ACTION NO. 4:02CV287-P-B**

**CITY OF GREENWOOD, et al**                                                           **DEFENDANTS**

## ORDER

This cause is before the Court on the plaintiff's Motion to Exclude the Testimony of Dr. Adam I. Lewis [113]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Plaintiff seeks the exclusion of Dr. Lewis' testimony on the following grounds: Dr. Lewis breached a fiduciary duty owed to plaintiff; experts cannot "switch sides" in a case; and Dr. Lewis refused cross-examination by plaintiff's counsel.

Dr. Adam Lewis is a neurosurgeon; he was also Chris Reed's treating physician for purposes of his November 15, 2002 surgery to effect the repair of Reed's brain aneurism. Plaintiff listed Dr. Lewis as a witness in his prediscovery disclosures; however, plaintiff never designated Dr. Lewis as an expert as required for treating physicians pursuant to Uniform Local Rule 26.1(A)(2)(f).

Because plaintiff failed to designate Dr. Lewis as an expert in accordance with the applicable local rules, the municipal defendants designated him in order to avoid any subsequent disputes regarding the admissibility of Dr. Lewis' testimony. The municipal defendants did so unilaterally.

As plaintiff's treating physician, Dr. Lewis' testimony is essential to the case. The instant litigation puts Reed's condition and its cause directly at issue, thereby effectively waiving Reed's

claim of physician-patient privilege.

Dr. Lewis is not an expert <u>retained</u> by the municipal defendants; he did not provide municipal defendants an expert report. The defendants obtained the medical records in question pursuant to plaintiff's voluntary execution of a medical records authorization. The defendants secured Dr. Lewis' presence at the April 20, 2004 deposition by subpoena; in compliance therewith, he appeared and gave testimony. Accordingly, Dr. Lewis neither breached a fiduciary duty owing to the plaintiff nor switched sides in the litigation. The cases cited by plaintiff are inapplicable.

As a final matter, plaintiff urges the Court to exclude Dr. Lewis' testimony on grounds that Dr. Lewis refused to allow cross-examination by plaintiff's counsel. Dr. Lewis did so only after plaintiff's counsel continued to question his medical ethics and regard for the physician-patient privilege. Plaintiff never followed up with an appropriate discovery motion seeking to compel the good doctor's testimony.

Despite plaintiff's failure to do so, the Court notes that some prejudice would inure if plaintiff were deprived of the opportunity to cross-examine Dr. Lewis with regard to his substantive testimony concerning Reed's condition and its causes. Accordingly, the Court will permit the plaintiff to reopen Dr. Lewis' deposition at his own expense.[1] Should plaintiff choose to do so, said deposition must occur within forty-five (45) days. Furthermore, the defendants who initially noticed Dr. Lewis must be provided an opportunity for redirect at the conclusion of cross-examination by plaintiff's counsel.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the plaintiff's Motion to Exclude

---

[1] In the event he does so, plaintiff's counsel is to limit his examination to the substantive aspects of Dr. Lewis' testimony. The Court is convinced that plaintiff's previous examination of Dr. Lewis sufficiently delved into the ethical aspects of Dr. Lewis' testimony.

the Testimony of Dr. Adam I. Lewis [113] is not well-taken and should be, and hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff may reopen Dr. Lewis' deposition within forty-five (45) days of the entry of this Order; any such deposition is to be conducted in accordance with the guidelines set forth in the body of this Order.

SO ORDERED, this the 19th day of September, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE