# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**CHRIS REED**                                                                                          **PLAINTIFF**

**VERSUS**                                                        **CIVIL ACTION NO. 4:02CV287-P-B**

**CITY OF GREENWOOD, et al**                                                           **DEFENDANTS**

## ORDER

This cause is before the Court on the municipal defendants' Motion in Limine to Exclude as Speculation Any Testimony Regarding Any Potential Income From Archery Competition [150]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Defendants seeks the entry of an order prohibiting the plaintiff from offering testimony, exhibits or argument regarding any purported future income plaintiff might have earned by competition in archery events based on the speculative nature of such evidence.

Reed claims a right to recover damages for loss of earning capacity due to post-accident vision difficulties which prevent his participation in archery competitions. Reed asserts his previous status as a world class archery shooter and his aspirations of becoming a full time professional archer are sufficient to permit him to introduce evidence of future lost earnings from archery events.

However, as pointed out by defendants, Reed had not engaged in competition for some six years prior to the incident which forms the basis for his suit. As a further matter, Reed admitted in his deposition that he had earned no income from archery in previous years. Finally, Reed's plans to begin competing professionally were entirely speculative; he opined that he hoped to begin

competing some two years subsequent to the incident "in 2004 or 2005" if his financial situation improved.

Federal Rules of Evidence 403 controls the admissibility of evidence of lost future income. Croce v. Bromley Corp., 623 F.2d 1084, 1094 (5th Cir. 1980), cert. denied, 450 U.S. 981 (1981). A damages award "cannot stand when the only evidence to support it is speculative or purely conjectural." Haley v. Pan American World Airways, 746 F.2d 311, 316 (5th Cir. 1984). Based on the applicable law and the record evidence, the Court is constrained to conclude that the plaintiff's claim of lost future earnings/earning capacity relative to archery competitions is too speculative in nature to permit its consideration by a jury. Accordingly, the defendants' motion is well-taken and should be granted.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendants' Motion in Limine to Exclude as Speculation Any Testimony Regarding Any Potential Income From Archery Competition [150] is well-taken and should be, and hereby is, GRANTED.

SO ORDERED, this the 26th day of September, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE