# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**CHRIS REED**                                                                             **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO. 4:02CV287-P-B**

**CITY OF GREENWOOD, et al**                                          **DEFENDANTS**

## ORDER

This cause is before the Court on the municipal defendants' Motion in Limine to Exclude Testimony Regarding the Work Ethic of Plaintiff's Family Members [143]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited, and being otherwise fully advised in the premises, finds as follows, to-wit:

Federal Rule of Evidence 401 recognizes relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." F.R.E. 401. "Evidence which is not relevant is not admissible." F.R.E. 402.

Defendants seek the entry of an order prohibiting the plaintiff from offering testimony, exhibits or argument regarding the purported work ethic of plaintiff's family members based on relevance. While plaintiff's work ethic is, indeed, relevant and admissible to the issues to be tried in this case, that of his parents, grandparents and/or other members of his family is wholly irrelevant to any claim or consequential fact in this case. Based on the applicable rules of evidence, the Court concludes that evidence regarding the work ethic of plaintiff's family is irrelevant and therefore inadmissible at trial. The defendants' motion is well-taken and should be granted.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendants' Motion in Limine to Exclude Testimony Regarding the Work Ethic of Plaintiff's Family Members [143] is well-taken and should be, and hereby is, GRANTED. IT IS FURTHER ORDERED that the plaintiff is prohibited from offering testimony, exhibits or argument regarding the purported work ethic of plaintiff's family members.

SO ORDERED, this the 26th day of September, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE