# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**CHRIS REED**                                                                                              **PLAINTIFF**

**VERSUS**                                                          **CIVIL ACTION NO. 4:02CV287**

**CITY OF GREENWOOD, A MUNICIPAL
CORPORATION, CURTIS LEE,
HENRY HARRIS, SOLOMON OSBORNE,
and JOHN DOES 1-10**                                                                                **DEFENDANTS**

## ORDER

This cause is before the Court on the municipal defendants' Motion to Strike Plaintiff's Expert Witness Ronald A. Braswell, M.D. Or In the Alternative Motion in Limine to Exclude Testimony [142]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Defendants move to strike Dr. Braswell as an expert on the ground that he admitted his inability to testify as to the causation of plaintiff's convergence insufficiency problem with a reasonable degree of medical certainty. The Court has reviewed the deposition testimony at issue and finds that when Dr. Braswell's testimony is viewed in its entirety rather than in isolation as presented by the defendants, it is evident that the defendant's motion to strike is without merit.

As a further matter, the Court concludes that defendant's alternative motion for a <u>Daubert</u> hearing is unnecessary. The Court has examined Dr. Braswell's background and proposed testimony and is of the opinion that Dr. Braswell is qualified to testify as an expert in this matter; furthermore, his opinions regarding the likely cause of Reed's continued vision difficulties is sufficiently relevant

and reliable to warrant the admission of his testimony. Defendants' concerns about the substance of Dr. Braswell's testimony are more properly addressed by means of "[v]igorous cross-examination, presentation of contrary evidence and careful instruction on the burden of proof." Daubert v. Merrill Dow Pharmaceuticals, 509 U.S. 579, 595 (1993).

IT IS, THEREFORE, ORDERED AND ADJUDGED that the municipal defendants' Motion to Strike Plaintiff's Expert Witness Ronald A. Braswell, M.D. Or In the Alternative Motion in Limine to Exclude Testimony [142] is DENIED.

SO ORDERED, this the 30th day of September, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE