**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**CHRIS REED**                                                                                        **PLAINTIFF**

**VERSUS**                                                         **CIVIL ACTION NO. 4:02CV287-P-B**

**CITY OF GREENWOOD, et al**                                                    **DEFENDANTS**

## ORDER

This cause is before the Court on the municipal defendants' Motion to Strike Plaintiff's Expert Witness Dr. Edward Manning Or In the Alternative Motion in Limine to Exclude Testimony [175-1]. The Court, having reviewed the motion, the response, the briefs of the parties, and being otherwise fully advised in the premises, finds as follows, to-wit:

Dr. Manning is a clinical psychologist retained as an expert witness by plaintiff. Reed intends to introduce Dr. Manning's opinion testimony to the effect that the plaintiff suffers from post-traumatic stress disorder as the result of the events surrounding an automobile repossession in November 2002. Defendants challenge the admissibility of Dr. Manning's testimony pursuant to Federal Rule of Evidence 702 and <u>Daubert v. Merrell Dow Phamaceuticals, Inc.</u>, 509 U.S. 579, 113 S. Ct. 2786 (1993). The defendants' challenge is based on the contention that Dr. Manning lacked sufficient information to diagnose plaintiff's condition based on his admitted intention to gather additional information during a subsequent meeting with Mr. Reed. Defendants equate Dr. Mannings <u>desire</u> for additional confirmatory information with a dearth of sufficient evidence. Review of Dr. Manning's deposition testimony in its entirety demonstrates not only an ample factual basis for his opinion testimony, but also that the data (patient history) and diagnostic tool (DSM4)

utilized by Dr. Manning were appropriate for his field of expertise. In conclusion, Dr. Manning's proposed testimony is sufficiently relevant and reliable to warrant the admission of his testimony at the March 27, 2006 trial of this cause. Defendants' concerns about the substance of Dr. Manning's testimony are more properly addressed by means of "[v]igorous cross-examination, presentation of contrary evidence and careful instruction on the burden of proof." Daubert v. Merrill Dow Pharmaceuticals, 509 U.S. 579, 595 (1993).

IT IS, THEREFORE, ORDERED AND ADJUDGED that the municipal defendants' Motion to Strike Plaintiff's Expert Witness Dr. Edward Manning Or In the Alternative Motion in Limine to Exclude Testimony [175-1] is not well-taken and should be, and hereby is, DENIED.

SO ORDERED, this the 9th day of March, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE