**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**CHRIS REED**                                                                                              **PLAINTIFF**

**VERSUS**                                                                        **CIVIL ACTION NO. 4:02CV287**

**CITY OF GREENWOOD, A MUNICIPAL
CORPORATION, CURTIS LEE,
HENRY HARRIS, SOLOMON OSBORNE,
and JOHN DOES 1-10**                                           **DEFENDANTS**

## ORDER

This cause is before the Court on the plaintiff's Motion in Limine to Limit the Testimony of Dr. Adam Lewis and Other Testimony Related Thereto [181]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Defendant seeks to exclude much of the substance of plaintiff's treating physician's testimony on based on an exclusionary rule adopted by the Mississippi Supreme Court in cases involving ex parte contact. Scott v. Flynt, 704 So.2d 998, 1005 (Miss. 1996). See also M.R.E. 503. Plaintiff's reliance thereon is inapposite in light of the fact that plaintiff seeks redress under § 1983 for violations of his constitutional rights.[1]

Reference to the applicable federal rule and controlling Fifth Circuit authorities informs the Court's decision on this evidentiary issue. Federal Rule of Evidence 501 provides:

> Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant

---
[1]

to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience.

F.R.E. 501. In federal question cases, federal common law determines the existence of a privilege. Gilbreath v. Guadalupe Hospital Foundation, Inc., 5 F.3d 785, 791 (5th Cir. 1993). The same is true with regard to hybrid cases, e.g., those cases involving both a federal question and pendent state law claims. The Advisory Committee Notes to Rule 501 state: "[I]n criminal and Federal question civil cases, federally evolved rules on privileges should be applied with respect to pendent State law claims when they arise in a Federal question case."

The Fifth Circuit is replete with decisions that repudiate the position advanced by plaintiff. Gilbreath at 791 ("[T]here is no physician-patient privilege under federal law."). See also U.S. v. Moore, 970 F.2d 48, 49 (5th Cir. 1992); U.S. v Burzynski Cancer Research Institute, 819 F.2d 1301 (5th Cir.), reh'g denied en banc, 829 F.2d 1301 (5th Cir. 1987), cert. denied sub nom., Wolin v. U.S., 484 U.S. 1065, 108 S. Ct. 1026, 98 L.Ed.2d 990 (1988); U.S. v. Meagher, 531 F.2d 752 (5th Cir. 1976); U.S. v. Harper, 450 F.2d 1032 (5th Cir. 1971). More recent decisions of sister courts within the Fifth Circuit echo that holding. Merrill v. Waffle House, Inc., 227 F.R.D. 467 (N.D. Tex. 2005); U.S. v. The Louisiana Clinic, 2002 WL 31819130 (E.D. La. 2002); U.S. v. Quorum Health Resources, Inc., 1999 WL 7900 (E.D. La. 1999).[2]

---

[2] The Supreme Court's recognition of a psychotherapist-patient privilege in Jaffee v. Redmond, 518 U.S. 1 (1996) does not alter the analysis in the instant case. Jaffee limited the scope of the privilege to "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment . . . ." 518 U.S. at 15. In doing so, the Court distinguished between a patient's relationship with a physician as opposed to a psychotherapist:

> Treatment by a physician for physical ailments can often proceed successfully on the basis of a physical examination, objective information supplied by the patient,

2

Because state privilege law does not apply in the instant case, plaintiff is not entitled to rely on Mississippi's prohibition of ex parte contact with treating physicians nor on the Mississippi's judicially created exclusionary rule to preclude introduction of otherwise relevant evidence. Furthermore, because federal law recognizes no physician-patient privilege whatsoever, defendant's inadvertent ex parte contact with Dr. Lewis, though injudicious, does not run afoul of either the Federal Rules of Civil Procedure or the Federal Rules of Evidence. Accordingly, plaintiff's motion is not well-taken and should be denied.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the plaintiff's Motion in Limine to Limit the Testimony of Dr. Adam Lewis and Other Testimony Related Thereto [181] is not well-taken and should be, and hereby is, DENIED.

SO ORDERED, this the 20th day of March, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

and the results of diagnostic tests. Effective psychotherapy, by contrast, depends upon an atmosphere of consideration and trust in which the patient is willing to make a frank and complete disclosure of facts, emotions, memories and fears.

518 U.S. at 10.