**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**CHRIS REED**                                                                **PLAINTIFF**

**VERSUS**                                                  **CIVIL ACTION NO. 4:02CV287**

**CITY OF GREENWOOD, A MUNICIPAL
CORPORATION, CURTIS LEE,
HENRY HARRIS, SOLOMON OSBORNE,
and JOHN DOES 1-10**                                           **DEFENDANTS**

## ORDER

This cause is before the Court on the municipal defendants' Motion in Limine to Exclude Plaintiff's Expert James Ginger Or In the Alternative For Daubert Hearing [145-1]. The Court, having reviewed the motion, the response, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

That the motion should be granted in part and denied in part .

Review of Dr. Ginger's affidavit leads the Court to conclude that Dr. Ginger's experience and training show him to be qualified to offer his opinion as a law enforcement expert in this matter.

By way of Order dated January 26, 2005, the Court dismissed plaintiff's § 1983 claims against the municipality. The only remaining claims in the case are as follows:

1)      Plaintiff's § 1983 claims against Officer Lee based on false arrest, false imprisonment and excessive force;

2)      Plaintiff's § 1983 claims against Captain Harris for based on false arrest, denial of access to court and conspiracy to deny access to court;

3)      Plaintiff's state law claims against Officer Lee and the municipality for the events resulting in his head injury;

4) Plaintiff's state law claims against Osborne for false imprisonment and battery.

Review of Dr. Ginger's affidavit reveals that much of his proposed testimony targets alleged deficiencies in the policies and procedures employed by the Greenwood Police Department in an effort to make out a Monell claim against the municipality. In light of the dismissal of said claims, Dr. Ginger's testimony on those issues is irrelevant and unlikely to assist the trier of fact in understanding the evidence or determining a fact in issue. Accordingly, the Court concludes that Dr. Ginger's testimony should be limited to the matters contained in his report which are relevant to the claims which remain to be adjudicated.

The Court has fully examined the matters addressed by Dr. Ginger's October 26, 2004 affidavit and finds that Dr. Ginger's opinion testimony concerning the matters addressed in paragraphs 1.1-1.7, 2.7-2.9, 2.13, 2.15 and 2.19 of his affidavit is sufficiently grounded in fact as to render his testimony both relevant and reliable based on the criteria set forth in Federal Rule of Evidence 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 125 L.Ed.2d 469, 113 S. Ct. 2786 (1993).

IT IS, THEREFORE, ORDERED AND ADJUDGED that the municipal defendants' Motion in Limine to Exclude Plaintiff's Expert James Ginger Or In the Alternative For Daubert Hearing [145-1] should be GRANTED IN PART and DENIED IN PART. IT IS FURTHER ORDERED that Dr. Ginger is to limit his testimony to the matters contained and the opinions expressed in the above-designated portions of his affidavit.

SO ORDERED, this the 20th day of March, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE