**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**CHRIS REED**                                                                                                      **PLAINTIFF**

**VERSUS**                                                                   **CIVIL ACTION NO. 4:02CV287-P-B**

**CITY OF GREENWOOD, et al**                                                     **DEFENDANTS**

**<u>ORDER</u>**

This cause is before the Court on the plaintiff's Motion for Reconsideration [271]. The Court, having reviewed the motion, the response, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Reed's motion seeks relief under F.R.C.P. 60(b) with regard to this Court's grant of summary judgment as to plaintiff's state law claim of false arrest against Officers Harris and Lee and as pertains to his false imprisonment claim against Officer Lee. The rule provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, <u>order</u>, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) <u>any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time</u>, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

F.R.C.P. 60(b). As grounds for the requested relief, plaintiff avers that "the facts underlying these claims were fully litigated by Plaintiff and Defendants at the trial of Plaintiff's § 1983 claims for false arrest and false imprisonment, without objection from the municipal defendants." Plaintiff's

Motion at p. 1. This Court squarely rejected that argument in its Findings of Fact and Conclusions of Law on plaintiff's MTCA claim entered contemporaneously herewith.

In addition, plaintiff's post-trial brief in support of his claim(s) under the Mississippi Tort Claims Act asserts that the Court erred in dismissing the false arrest and false imprisonment claims against the municipal defendants pursuant to Mississippi Code Annotated § 11-46-9(1)(d) because the conduct at issue did not implicate social economic or political policy alternatives. Doe v. Miss. Dept. of Corrections, 859 So.2d 350, 356 (Miss. 2003).

This Court entered its Amended Memorandum Opinion and accompanying Order addressing the defendants' summary judgment motions on January 31, 2005. In that opinion, the Court noted that the plaintiff failed entirely to address the discretionary function exception to tort liability argued by the defendants.[1] The Court adopted the argument pressed by the defendants and granted summary judgment in favor of Officers Lee and the City of Greenwood as to Reed's MTCA claims of false arrest and false imprisonment based on § 11-46-9(1)(d).[2]

Plaintiff did not file a motion to reconsider in response to the Court's decision–either

---

[1] That portion of the opinion reads as follows:

Plaintiff's brief ignores this argument entirely. After a review of the record evidence and the applicable law, the Court concludes that the language of § 11-46-9(1)(d) bars plaintiff's state law claims against Officer Lee and the municipality relative to Officer Lee's decision to arrest Reed as well as Lee's failure to put a stop to Solomon Osborne's antics.

Amended Memorandum Opinion at p. 20-21.

[2] Contrary to the argument pressed by Reed, this Court did not dismiss plaintiff's false arrest claim based on § 11-46-9(1)(d); instead, the Court dismissed plaintiff's state law claim of false arrest against Officer Lee pursuant to § 11-46-9(1)(c) inasmuch as the summary judgment record established no facts implicating Officer Harris in the decision to arrest Reed. Amended Memorandum Opinion at p. 19-20.

2

immediately or prior to entry of the Pretrial Order on March 17, 2006. Instead, the jointly prepared Pretrial Order amended the pleadings to conform to the Court's summary judgment ruling–reciting a single issue for decision under the MTCA: whether the municipal defendant is liable "for a state law claim of reckless disregard related solely to Office Lee pulling [p]laintiff from the patrol car to loosen his handcuffs and allowing him to drop hitting his head." Pretrial Order at p. 2. Moreover, plaintiff did not seek to amend the Pretrial Order prior to the commencement of the nine (9) day trial of this matter which took place between March 12-22, 2007–or even at the conclusion of the trial.

Plaintiff inexplicably waited until June 11, 2007–some two and one-half years after entry of summary judgment to press the instant argument.[3] Under no circumstances can such an inordinate delay comply with the requirement that relief under Rule 60(b) be sought "within a reasonable time . . . after the judgment, order, or proceeding was entered or taken." F.R.C.P. 60(b). Accordingly,

IT IS, THEREFORE, ORDERED AND ADJUDGED that the plaintiff's Motion for Reconsideration [271] is not well-taken and should be, and hereby is, DENIED.

SO ORDERED, this the 8th day of February, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[3] In doing so, he relied on authority in existence as early as 2003–well prior to the filing of defendants' dispositive motions.