**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**CHRIS REED**     **PLAINTIFF**

**VERSUS**     **CIVIL ACTION NO. 4:02CV287-P-B**

**CITY OF GREENWOOD, et al**     **DEFENDANTS**

**ORDER**

This cause is before the Court on defendant Harris' Motion for Judgment as a Matter of Law or in the Alternative to Amend Judgment [278]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Harris' post-trial motion attacks the jury's verdict with regard to plaintiff's denial of access claim. The stated ground for the motion is the Court's alleged error in granting certain jury instructions, specifically P-17R and relevant portions of C-10.1R. Those instructions focused on whether Harris violated Miss. Code Ann. § 99-3-28, a Mississippi statute which establishes the procedure for preferring criminal charges against law enforcement officers. Harris urges that review is proper inasmuch as the instructions at issue improperly elevate the violation of the above-referenced statute to a constitutional tort–a proposition which has been soundly rejected by the Fifth Circuit. Beltran v. The City of El Paso, 367 F.3d 299, 302 n. 1 (5th Cir. 2004). See also Calhoun v. Hargrove, 312 F.3d 730, 734 (5th Cir. 2002); San Jacinto Sav. & Loan v. Kacal, 928 F.2d 697, 701 (5th Cir. 1991). Upon consideration, the Court is persuaded there is not only a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations, but also as to whether the challenged instructions affected the outcome of the case. Russell v. Plano Bank &

Trust, 130 F.3d 715, 719 (5th Cir. 1997).

In view of the foregoing, it is necessary to consider how best to remedy the error. Ordinarily, where the error in question pertains to prejudicial jury instructions, the proper remedy is a new trial. Aero International, Inc. v. United States Fire Insurance Co., 713 F.2d 1106, 1113 (5th Cir. 1983). However, the relief requested by Harris is entry of judgment as a matter of law pursuant to F.R.C.P. 50(b) or, in the alternative, an amendment of the judgment pursuant to F.R.C.P. 59(e). The basis for the requested relief is the fact that the theory of the case, as tried and argued by plaintiff, was whether or not Harris violated Miss. Code Ann. § 99-3-28. There was no other evidence before the jury and hence, no alternative factual basis to support a finding against Harris.[1] Under the circumstances, defendants are entitled to judgment as a matter of law. Accordingly, the Court will set aside the jury's verdict as to plaintiff's denial of access claim against defendant Harris and will enter judgment in favor of defendant Harris on plaintiff's denial of access claim.

IT IS, THEREFORE, ORDERED AND ADJUDGED that defendant Harris' Motion for Judgment as a Matter of Law or in the Alternative to Amend Judgment [278] should be, and hereby is, GRANTED. IT IS FURTHER ORDERED that the jury's verdict on plaintiff's denial of access claim against defendant Harris should be, and hereby is, SET ASIDE.

SO ORDERED, this the 23rd day of June, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's alternative suggestion that the jury could have found against Harris on the denial of access claim on the basis that Harris lost the charge Reed made against Solomon Osborne is unavailing. Viewing the evidence in the light most favorable to plaintiff, Harris' action was simple negligence. Because negligence is not actionable under § 1983, there was no sufficient evidentiary basis for a verdict against Harris on the denial of access claim.